Lucas *v.* Snyder.

*Wm. Penn. Clark*, for defendant.

———•◦•———

LUCAS *v.* SNYDER.

When an instruction extends merely to the legal effect, and meaning of an instrument, it cannot be objected to as an instruction upon the facts in the case.

*Error to Muscatine District Court.*

*Opinion by* GREENE, J. This was an action of assumpsit commenced before a justice of the peace in Johnson

---

Lucas *v.* Snyder.

---

county, by Thomas. Snyder against Robert Lucas. Judgment for the plaintiff. Defendant took an appeal and obtained judgment in district court. New trial granted; venue changed from Johnson to Muscatine district court, and there the plaintiff obtained a verdict and judgment for seventy dollars.

The suit was instituted to recover the value of certain plastering done by the plaintiff in a dwelling house for the defendant. This house had been built by Snyder under a contract to finish the same in complete order except the plastering of the upper story. The account appears to have been for plastering the upper story which was not included in the above contract.

On the trial Lucas gave in evidence a receipt from Snyder for "five hundred dollars for work done on a house in accordance with the annexed plan." The court instructed the jury that the "receipt does not from its terms refer to such plastering as was excluded from the written contract. And for this instruction it is contended that the judgment should be reversed. In support of this position it is assumed that the charge involves a question of fact which comes alone within the province of the jury. But we do not consider it an instruction upon facts. It is one of construction only, involving the legal signification and extent of the receipt. It was therefore a subject upon which the court could with propriety charge the jury.

As the instruction extended merely to the legal effect and meaning of the instrument before the court, and as the other proceedings in this case were substantially correct, the judgment below cannot be disturbed.

Judgment affirmed.

*W. Penn. Clark*, for plaintiffs in error.

*S. Whicher* and *J. D. Templin*, for defendant.